# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-161-RLV-DCK

| | |
|---|---|
| MICHAEL FOSTER and RONALD BOUCHARD, individually, and for all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER AND RECOMMENDATION** |
| LOWE'S COMPANIES, INC.; and NILOY INC. d/b/a DCT SYSTEMS, ) ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Unopposed Motion For Leave To Amend Their Complaint" (Document No. 29) filed January 31, 2017, and "Defendant Lowe's Companies, Inc.'s Partial Motion To Dismiss Plaintiffs' Complaint" (Document No. 19) filed December 29, 2016. The motion to amend has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, and noting that Defendants' counsel does not oppose the motion to amend, the undersigned will grant the motion to amend, and recommend the denial of the motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint; therefore, the undersigned will also respectfully recommend that "Defendant Lowe's Companies, Inc.'s Partial Motion To Dismiss Plaintiffs' Complaint" (Document No. 19) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Unopposed Motion For Leave To Amend Their Complaint" (Document No. 29) is **GRANTED**.[1]

**IT IS RESPECTFULLY RECOMMENDED that** "Defendant Lowe's Companies, Inc.'s Partial Motion To Dismiss Plaintiffs' Complaint" (Document No. 19) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond,

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED**.

.

Signed: January 31, 2017

David C. Keesler
United States Magistrate Judge