**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:16-CV-00161-RLV-DCK**

| | |
|---|---|
| MICHAEL FOSTER and RONALD BOUCHARD, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S COMPANIES, INC. and NILOY INC., d/b/a/ DCT SYSTEMS, <br><br> Defendants. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' Motion to Dismiss Plaintiffs' Complaint in Part (Doc. 19) and the Memorandum and Recommendation (the "M&R") of Magistrate Judge David C. Keesler (Doc. 30). In the M&R, Magistrate Judge Keesler recommends that the Defendants' Motion be denied as moot because leave was granted to the Plaintiffs to file an amended complaint. *Id.* at 2-3. Plaintiffs filed an Amended Complaint (Doc. 31) on February 1, 2017 and Defendants filed answers to the Amended Complaint (Docs. 32, 33). The parties have not filed objections to the M&R, and the time for doing so has expired. *See* Fed. R. Civ. Pro. 72(b)(2).

The Federal Magistrate Act provides that a court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of dispositive motions.]" 28 U.S.C. § 636(b)(1)(B). The district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *accord* Fed. R. Civ. Pro. 72(b)(3). "By contrast, in the absence of a

timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee Note).

Defendants' failure to make timely object to the M&R is accepted as an agreement with the conclusions of the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Furthermore, Plaintiffs' representation that Defendants did not oppose their motion for leave to amend supports the conclusion that Defendants are in agreement with the M&R as Plaintiffs' amendment to their complaint renders moot Defendants' Motion to Dismiss in part. (*See* Doc. 29 at 2; Doc. 31). Accordingly, no objection to the M&R having been filed, and the time for doing so having expired, the parties have waived their right to *de novo* review of any issue discussed in the M&R.

After a careful review of the record, the Court finds that the M&R is supported by the record and is consistent with and supported by law. Finding no clear error, the Court **ADOPTS** the recommendation in the M&R. (*See* Doc. 30). Because the Plaintiffs' Amended Complaint (Doc. 31) supersedes the Plaintiffs' initial complaint (Doc. 1) and does not contain the count of which Defendants sought dismissal (*Compare* Doc. 1 at 19-21, *with* Doc. 31 at 18-22; *see also* Doc. 19 at 1), Defendants' Motion to Dismiss in Part (Doc. 19) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: February 22, 2017

Richard L. Voorhees
United States District Judge