IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| MICHAEL FOSTER, RONALD BOUCHARD and DENNIS FINK, individually and for all others similarly situated, | ) ) ) ) Case No. 5:16-cv-161-FDW-DCK ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LOWE'S COMPANIES, INC., and NILOY INC. d/b/a DCT SYSTEMS, | ) ) ) |
| Defendants. | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**

Named Plaintiffs, Michael Foster, Ronald Bouchard and Dennis Fink ("Plaintiffs") and Defendant Lowe's Companies, Inc. ("Lowe's"), by and through their respective counsel, hereby jointly seek approval of the parties' Settlement Agreement and Release ("Agreement") pursuant to 29 U.S.C. § 216(c) and dismissal of the case. The parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between the parties with respect to liability and damages. In support of their motion, the parties hereby state as follows:

1. On September 8, 2016, Plaintiffs Michael Foster and Ronald Bouchard filed their original complaint captioned *Foster et al. v. Lowe's Companies, Inc. and Niloy Inc. d/b/a DCT Systems*, No. 5:16-cv-161-FDW-DCK, in the United States District Court for the Western District of North Carolina (the "Lawsuit"). Plaintiff Dennis Fink was added as a named party by virtue of Plaintiffs' Second Amended Complaint. (Doc. 42). Plaintiffs were former Information Technology Workers

1

who were hired by Business Integration Solutions, LLC, a subcontractor of DCT Systems, to perform work for Lowe's.[1]  Foster was paid $50.00/hour and Bouchard was paid $150.00/hour.

2. In the Lawsuit, Plaintiffs allege violations of the Fair Labor Standards Act, 26 U.S.C. §§ 201 *et seq.* ("FLSA"), as well as common law breach of contract and unjust enrichment.  Plaintiffs sought unpaid compensation, liquidated damages, interest, and attorneys' fees and costs.  Amongst other things, Plaintiffs' claims are based on the alleged failure of Lowe's and DCT Systems to pay all compensation owed for services performed and reimbursable expenses incurred for the two months of January and February of 2014.

3. Lowe's denies that Plaintiffs are entitled to any additional compensation and denies any and all liability stemming from Plaintiffs' breach of contract and unjust enrichment allegations.  Lowe's has asserted (a) that Lowe's is not Plaintiffs' employer under the FLSA; (b) that Plaintiffs' claims under the FLSA are barred by the statute of limitations; and (c) that Plaintiffs' equitable and contractual claims against Lowe's are barred by express contracts governing Plaintiffs' compensation.

4. On April 4, 2017, Plaintiffs mediated this dispute with David B. Hamilton in Charlotte, North Carolina.  In the months leading up to the mediation, Lowe's made an extensive document production to Plaintiffs.  Following mediation, counsel for the parties continued to exchange information and engaged in additional settlement discussions.  For settlement purposes only, the Parties agree that: (a) Plaintiffs were not employees of Lowe's or DCT Systems; (b) Plaintiffs were alleged third-party beneficiaries to the Lowe's-DCT Systems contracts; and (c) the payments to Plaintiffs under the Agreement are to resolve their contract and unjust enrichment claims.

---

[1] On July 6, 2017, Plaintiffs successfully intervened in the separate matter of *Niloy Inc. d/b/a DCT Systems v. Lowe's Companies, Inc.*, 5:16-cv-000029 (W.D.N.C. Feb 18, 2016). There, a substantial portion of the damages claimed by DCT Systems, as a result of Lowe's alleged breach of contract, was for work performed and expenses incurred by Plaintiffs.

5. The Agreement provides for Plaintiffs to recover approximately 75% of the compensation they claim they are owed for claims under the FLSA and for breach of contract/unjust enrichment.

6. The Agreement provides for payment of Plaintiffs' attorneys' fees and costs at a rate that is less than the compensation paid to Plaintiffs, and is a significant reduction from Plaintiffs' attorneys' fees calculated according to the lodestar method.

7. Counsel for Plaintiffs and counsel for Lowe's have concluded, based upon their investigation, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the Lawsuit through trial, the risks and costs of further prosecution of the Lawsuit, the uncertainties of complex litigation, the bona fide disputes over FLSA coverage of Plaintiffs' claims, and the substantial benefits to be received pursuant to the Agreement, that a settlement on the terms set forth in the Agreement is fair, reasonable and adequate, and is in the best interest of the parties.

8. Pursuant to 29 U.S.C. § 216(c) and the procedure set forth in the Agreement, the parties now petition the Court to approve each Named Plaintiff's settlement agreement, attached hereto as Exhibits A–C.[2]

9. Lowe's and DCT Systems have entered into a separate settlement agreement, to which Plaintiffs are not parties, but which contains a global release of claims amongst all parties involved in this litigation. Thus, Plaintiffs move to dismiss its claims against DCT Systems. (*See* Exhibit D).

10. Counsel for Plaintiffs has conferred with counsel for DCT Systems prior to bringing this motion and DCT Systems does not oppose this motion.

---

[2] Lowe's has also entered into fourteen (14) separate, individual settlement agreements with other subcontractors whose breach of contract claims are at issue for services performed and expenses incurred in January and February of 2014.

3

11. The settlement reached by the parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA and the laws of North Carolina.

12. The settlement reached by the parties is a result of extensive litigation and negotiations between the parties to resolve this matter. The individual settlement figures agreed upon bear a reasonable and fair relationship to the amount allegedly owed to each Plaintiff in this matter, and also take into account the inevitable risk of further litigation and the defenses which have been, or could be, raised by Lowe's.

13. The individual settlement amounts were negotiated at arm's length, by experienced counsel concerning *bona fide* disputes between their clients with respect to liability and the amount due under the FLSA and the laws of North Carolina.

WHEREFORE, Named Plaintiffs and Lowe's respectfully request that this Court enter the Proposed Order attached as Exhibit D, approving the terms and conditions of the Agreement, dismissing the case without prejudice, and retaining jurisdiction to enforce the terms of the settlement.

DATED: October 3, 2017

By: */s/ Ryan F. Stephan*
    Ryan F. Stephan
    Catherine T. Mitchell
    Stephan Zouras, LLP
    205 N. Michigan Ave., Suite 2560
    Chicago, Illinois 60601
    312-233-1550
    312-233-1560 *f*
    rstephan@stephanzouras.com
    cmitchell@stephanzouras.com

    */s/ Philip J. Gibbons, Jr.*
    Philip J. Gibbons, Jr.
    Phil Gibbons Law, P.C.
    15720 Brixham Hill Ave., Suite 331
    Charlotte, North Carolina 28277

By: */s/ Ryan G. Rich*
    Ryan G. Rich
    Hunton & Williams LLP
    101 South Tryon Street, Suite 3500
    Charlotte, North Carolina 28280
    704-378-4700
    rrich@hunton.com

**ATTORNEYS FOR LOWE'S**

704-612-0038
phil@philgibbonslaw.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on October 3rd, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

 */s/ Ryan F. Stephan*